UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
AUSTIN FENNER and                   :
IKIMULISA LIVINGSTON,               :
                                    :
                    Plaintiffs,     :
                                    :
        v.                          :    09 Civ. 9832 (BSJ)
                                    :       ORDER
NEWS CORPORATION, NYP HOLDINGS,     :
INC., d/b/a THE NEW YORK POST,      :
MICHELLE GOTTHELF and DANIEL        :
GREENFIELD, in the official and     :
Individual capacities               :
                                    :
                    Defendant.      :
------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

In this case involving claims of racial discrimination and unlawful retaliation by Defendant against Plaintiffs Fenner and Livingston, before the Court is Defendants' partial motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Second, Fourth, and Seventh causes of action in the amended complaint. For the reasons stated below, the motion is DENIED.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted," a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). To survive a motion to dismiss, a complaint must contain "enough

facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (U.S. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009).

Defendants move to dismiss Plaintiffs claims of unlawful retaliation.  To establish a *prima facie* claim for retaliation under 42 U.S.C. § 1981, a plaintiff must allege that: (1) the plaintiff engaged in a protected activity, (2) the employer knew of this activity, (3) the employer took adverse employment action against the employee, and (4) a causal connection exists between the alleged adverse action and the protected activity. Paulino v. N.Y. Printing Pressman's Union, Local Two, 301 F.App'x 34, 37 (2d Cir. 2008).  Defendants argue that Plaintiffs have failed to sufficiently allege the first element because the Plaintiffs, when complaining about the cartoon published by the paper on Feburary 18, 2009, did not actually speak out regarding an "employment practice" of the New York Post.

At this stage in the litigation, the Court finds that Plaintiff's factual allegations sufficiently "raise a right to relief above the speculative level." See Twombly, 127 S. Ct. at 1965. Plaintiffs have sufficiently put Defendants on notice of the retaliation claims against it by alleging that Plaintiffs'

2

complaints were about the working climate generally at the Post, rather than solely about the cartoon. See Barbosa v. Continuum Health Partners, Inc., 2010 U.S. Dist. LEXIS 21052 (S.D.N.Y. Mar. 5, 2010)("[A] complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim."). Given the lenient standard applied when considering a motion to dismiss, dismissal is not appropriate at this time.

The Court also finds that Plaintiffs have adequately pled that News Corp. was Plaintiffs' employer.

Accordingly, Defendant's Partial Motion to Dismiss is DENIED.

**SO ORDERED:**

_____
Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

New York, New York
September 21, 2010

3