USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-26-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUSTIN FENNER and
IKIMULISA LIVINGSTON,

                Plaintiffs,

- against -

NEWS CORPORATION, et al.,

                Defendants.

**ORDER**

**09 Civ. 9832 (BSJ) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Pending before the Court is Defendants News Corporation, NYP Holdings, Inc., d/b/a The New York Post, Michelle Gotthelf, and Daniel Greenfield's motion to strike certain allegations from Plaintiffs Austin Fenner and Ikimulisa Livingston's Amended Complaint. Defendants argue that allegations regarding the Post's editorial decisions and published content should be stricken because they relate to protected First Amendment speech, and are irrelevant, inflammatory, and scandalous. Plaintiffs contend that the allegations are relevant to their claims, and that Defendants' motion should be denied pursuant to Federal Rule of Civil Procedure 12(g). Plaintiffs ask the Court to impose sanctions against Defendants for vexatiously multiplying the proceedings. For the reasons set forth below, Defendants' motion to strike and Plaintiffs' motion for sanctions are **DENIED.**

## II. BACKGROUND

Fenner filed his Complaint against Defendants on November 30, 2009, asserting claims of employment discrimination and harassment on the basis of his race and color, as well as unlawful retaliation. On December 8, 2009, before Defendants' filed an answer, Plaintiffs filed

their First Amended Complaint, incorporating Livingston as a plaintiff. Instead of filing an answer, on December 30, 2009, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, in part, that the Post's published content and editorial decisions could not constitute an unlawful employment practice as a matter of law.

Plaintiffs provided Defendants with a copy of a second amended complaint on September 10, 2010, which included the same factual allegations as the first amended complaint, but added two new causes of action based on Title VII. On September 22, 2010, the Honorable Barbara S. Jones denied Defendants' Rule 12(b)(6) motion. After Defendants provided written consent, Plaintiffs filed their Second Amended Complaint on September 24, 2010. The instant motion followed on October 20, 2010.

## III. DISCUSSION

### A. Defendants' Motion Is Not Barred By Rule 12(g)

Plaintiffs contend that Defendants' motion to strike is precluded by Rule 12(g). (Pls.' Mem. of Law in Opp. to Defs.' Mot. to Strike ("Pls. Mem.") at 5.) Plaintiffs argue that Defendants were in a position to move to strike the allegations when they filed their Rule 12(b)(6) motion because the Complaint and the Amended Complaint contain the same factual allegations. (*Id.* at 6.)

Federal Rule of Civil Procedure 12(g)(2) provides that, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The objective of Rule 12(g) is to eliminate unnecessary delay at the pleadings stage and prevent dilatory motion practice. *FRA S. p. A. v. Surg-O-Flex of Am., Inc.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976). The Second Circuit has held that waiver of defenses or objections by

responding to a pleading generally applies to those defenses and objections that "'involve the core issues of a party's willingness to submit a dispute to judicial resolution,' such as objections to 'lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service.'" *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1129 (2d Cir. 1994) (quoting *Gilmore v. Shearson/American Express Inc.*, 811 F.2d 108, 112 (2d Cir. 1987)).

Here, there is no question that Defendants could have consolidated the instant Rule 12(f) motion with their previous Rule 12(b)(6) motion because the factual allegations in the Complaint and the Amended Complaint are virtually identical. The Court, however, will not preclude the motion on that basis. It is well-established that "an amended complaint ordinarily supercedes the original, and renders it of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert denied*, 434 U.S. 1014 (1978). Courts have permitted preanswer motions against amended complaints that are aimed at judicial resolution of a controversy, even if they could have been raised in previous motions against the complaint. *See, e.g., In re Parmalat Securities Litigation*, 421 F.Supp.2d 703, 713 (S.D.N.Y. 2006) (allowing defendant to file a Rule 12(b)(6) motion against an amended complaint even though the arguments could have been raised in defendant's motion to dismiss the original complaint); *Altschuler v. Univ. of Penn. Law Schl.*, 95 Civ. 249, 1998 WL 113989, at *2 (S.D.N.Y. Mar. 13, 1998), *aff'd*, 201 F.3d 430 (2d Cir. 1999); *T.B. ex rel. G.B. v. Chico Unified Schl. Dist.*, 07 Civ. 926, 2008 WL 5382060, at *1 (E.D.Cal. 2008). Defendants' motion to strike does not seek to avoid judicial resolution of this case, but rather seeks to streamline resolution of this matter by striking what Defendants view as extraneous, inadmissible, and scandalous allegations. Accordingly, the Court finds that Defendants did not waive their objection to the Second Amended Complaint by filing a previous Rule 12 motion against the Complaint. Even if the Court were not to allow the motion, Rule

3

12(f) permits the Court to consider the content of the Second Amended Complaint on its own, and to strike offending portions. The Court therefore considers the motion on its merits.

## B. Defendants' Motion To Strike Allegations From the Second Amended Complaint

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions brought pursuant to Rule12(f) "are generally disfavored, and should be granted only if 'there is a strong reason for so doing.'" *M'Baye v. World Boxing Ass'n*, 05 Civ. 9581, 2007 WL 844552, at *4 (S.D.N.Y. Mar. 21, 2007) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)). To prevail on a motion to strike, a defendant "must show that (1) no evidence in support of the allegation would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant." *Id.* (citing *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)).

Here, Defendants ask that allegations pertaining to the Post's content or editorial process be stricken. (*See* Defs. Mem. of Law in Supp. of Mot. to Strike ("Defs. Mem.") at 5-13.) Defendants also ask that Plaintiffs' subjective and inflammatory descriptions of the Post's content and editors be stricken. (*Id.* at 13-17.) Finally, Defendants ask that an allegation regarding an African-American editor getting fired as she was dying be stricken and allegations regarding the Plaintiffs ban from the newsroom be stricken. (*Id.* at 17.)

### 1. Allegations Relating To Defendants' Published Content And Editorial Process

Plaintiffs' Second Amended Complaint contains a number of allegations regarding published content, including references to published cartoons, headlines, and newspaper articles. (*See* Am. Compl. ¶¶ 4, 6-7, 60-73; Am. Compl. Ex. A.) For example, the Second Amended Complaint refers to a political cartoon published by the Post that depicted two police officers

4

pointing a smoking gun at a dead chimpanzee, with one of the officer's saying: "They'll have to find someone else to write the next stimulus bill." (*See* Sec. Am. Compl. ¶¶ 8, 66-76) Plaintiffs contend that the chimpanzee was intended to represent President Barack Obama. (Sec. Am. Compl. ¶ 67.) Plaintiffs also make a number of allegations that pertain to editorial decisions made by the NY Post about what to publish and how to cover stories. (*See* Am. Compl. ¶¶ 76, 60, 68.) For instance, Plaintiffs contend that the NY Post's editors were given alternative cartoons for potential publication, but decided to choose a cartoon that it alleges depicted President Barack Obama as a dead chimpanzee. (Sec. Am. Compl. ¶ 68.)

Defendants argue that these allegations should be stricken for a variety of reasons. Primarily, Defendants argue that the allegations relate to First Amendment-protected speech. (Defs. Mem. at 6-7.) Defendants argue that the allegations should be stricken because they are redundant, immaterial, impertinent, and scandalous. (*Id.* at 7-12.) In response, Plaintiffs argue, in part, that their allegations about the chimpanzee cartoon and other published content were not included as a challenge to the expressive content itself, but were included to show "the racially discriminatory intent that underlay the publication of such content and motivated the adverse employment actions that Plaintiffs suffered on the job." (Pl.'s Mem. at 8.)

The Court finds that Defendants have failed to meet their heavy burden in showing that the allegations relating to published content and editorial decisions are inadmissible, irrelevant, and unfairly prejudicial. These allegations may be relevant because they provide context for the complaints made by Plaintiffs about the content, and Defendants' reaction to those complaints may also be probative of Defendants' discriminatory animus towards Plaintiffs. Whether the allegations are ultimately admissible at trial is a factual question that only a more developed record may answer. At this point, however, the Court finds that Defendants have not shown that

5

the published content and editorial decisions are clearly inadmissible and irrelevant, and therefore Defendants' motion to strike those allegations is **DENIED**.

### 2. Allegations Relating to Plaintiffs' Descriptions of the Post's Content and Editors

In addition to Plaintiffs' allegations regarding published content and editorial decisions, Defendants also seek to strike what it contends are prejudicial, scandalous, and false descriptions and characterizations of the content and the Post's editors for publishing it. (Defs. Mem. at 13-14.) For example, Defendants contend that Plaintiffs' repeated characterization of the political cartoon discussed above – that the chimpanzee was intended to represent President Obama – should be struck as scandalous, inadmissible, and redundant. (*Id.* at 14.) Defendants also seek to strike Plaintiffs repeated references to the Post, its content, and its editors as racist. (*Id.*)

The Court finds that the characterizations and descriptions of the content and editors reflect Plaintiffs' interpretation of the Post's behavior and content, and may be relevant in so far as their opinion motivated their complaints to Defendants. Although some of the allegations are controversial and prejudicial, the ultimate question of their admissibility before a jury will be decided at a later date. The only question before the Court at this time is whether Defendants have met their heavy burden in demonstrating that the allegations should be stricken. The Court concludes that they have not, and Defendants' request to strike these allegations is **DENIED**.

### 3. Allegations Regarding the Termination of an Editor

Defendants seek to strike the Plaintiffs' allegation that an African-American editor was fired as she was dying from cancer because it is immaterial, impertinent and inflammatory. (Defs. Mem. at 17.) The allegation is contained in a section of the Second Amended Complaint discussing the purported racially hostile work environment at the Post, and is as follows:

For example, despite the great diversity throughout New York City, not a single

> person of color has held the position of editor on the Post's Metro desk since 2001, when African-American Deputy Editor Lisa Baird was fired as she was dying of cancer. In fact, there is currently only one non-White Editor through the entire editorial staff at the Post.

(Am. Compl. ¶ 44.) The Court finds that the circumstances surrounding the termination of Baird may conceivably be relevant to Plaintiffs' hostile work environment claim. Accordingly, Defendants motion to strike Paragraph 44 from the Second Amended Complaint is **DENIED**.

### 4. Allegations Regarding Defendants' Visit to a Strip Club

Defendants also seek to strike reference to Plaintiffs ban from the newsroom as a "throwback to the days of Jim Crow segregation" as an inflammatory epithet with no probative value. (Defs. Mem. at 17.) The challenged allegation is contained in the following paragraph:

> Defendants decision to ban Mr. Fenner and Ms. Livingston from the newsroom was an act of utter humiliation designed to strip them of their dignity and self-respect, was based on their race and/or color and implemented to punish them for their opposition to Defendants' discriminatory practices, and a throwback to the days of Jim Crow segregation.

(Am. Compl. ¶ 98.) Although the allegation is clearly inflammatory, the Court finds that it is conceivably relevant to Plaintiffs' claims that they were banned from the newsroom because of their race, and in retaliation for complaints about their work environment. Accordingly, the Court finds that Defendants have not met their heavy burden in demonstrating that this allegation should be struck, and Defendants motion is **DENIED**.

### C. Plaintiffs' Request for Sanctions Against Defendants

Plaintiffs contends that Defendants filing of the instant motion was vexatious and dilatory, and seeks sanctions. (Mem. at 14-15.) Plaintiffs argue that the instant motion should have been consolidated with the previous Rule 12(b)(6) motion, and that Defendants are improperly attempting to relitigate a matter that was previously decided. (*Id.*)

Under 28 U.S.C. § 1927, "a district court may award attorneys' fees against an attorney or other party authorized to practice before the courts who multiplies the proceedings in any case unreasonably or vexatiously." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (internal quotations omitted). A court may also award attorney's fees to a prevailing party pursuant its inherent power to supervise and control its own proceedings when it determines that a losing party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quoting *F.D. Rich Co. V. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). Plaintiffs have failed to demonstrate that the instant motion was dilatory or brought in bad faith. Accordingly, Plaintiffs' request for sanctions is **DENIED**.

**SO ORDERED this 25th day of April 2011**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**