UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
AUSTIN FENNER and                                          :    Civil Action No.: 09 CV 9832 (BSJ)
IKIMULISA LIVINGSTON,                                      :
                                    Plaintiffs,            :
                                                           :
         vs.                                               :
                                                           :    **DEFENDANTS' ANSWER**
NEWS CORPORATION, NYP HOLDINGS,                            :    **TO PLAINTIFFS' SECOND**
INC., d/b/a/ THE NEW YORK POST,                            :    **AMENDED COMPLAINT**
MICHELLE GOTTHELF and DANIEL                               :
GREENFIELD, in their official and individual               :
capacities                                                 :
                                                           :
                                    Defendants.            :
-----------------------------------------------------------x

Defendants News Corporation, NYP Holdings, Inc., d/b/a the New York Post ("NYP"), and Michelle Gotthelf and Daniel Greenfield, in their official and individual capacities (collectively, "defendants"), by their attorneys, Kasowitz, Benson, Torres & Friedman LLP, hereby answer and respond to the Second Amended Complaint, dated September 27, 2010 (the "Complaint") of plaintiffs Austin Fenner ("Fenner") and Ikimulisa Livingston ("Livingston") (together, "plaintiffs"), as follows:

## NATURE OF THE CLAIMS

1. Deny the allegations contained in paragraph 1 of the Complaint, except admit that plaintiffs purport to bring this action pursuant to the statutes cited therein.

## PRELIMINARY STATEMENT

2. Deny the allegations contained in paragraph 2 of the Complaint, except admit that NYP employs more than 100 employees.

3. Deny the allegations contained in paragraph 3 of the Complaint.

4. Deny the allegations contained in paragraph 4 of the Complaint.

5. Deny the allegations contained in paragraph 5 of the Complaint.

6. Deny the allegations contained in paragraph 6 of the Complaint.

7. Deny the allegations contained in paragraph 7 of the Complaint.

8. Deny and/or deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint.

10. Deny the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13. Deny the allegations contained in paragraph 13 of the Complaint, except admit that this Court has subject matter jurisdiction over plaintiffs' Title VII and Section 1981 claims.

14. Deny the allegations contained in paragraph 14 of the Complaint, except admit that venue in this district is proper.

## PARTIES

15. Deny and/or deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, except admit that Fenner was employed by the Post from 2007 to 2009.

16. Deny and/or deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, except admit that Livingston is employed by the Post.

17. Deny the allegations contained in paragraph 17 of the Complaint, except admit that News Corporation is the ultimate parent corporation of NYP, as well as of certain other

media companies, and News Corporation maintains offices located at 1211 Avenue of Americas, New York, New York.

19. Deny the allegations contained in paragraph 18 of the Complaint, except admit that NYP maintains offices located at 1211 Avenue of the Americas, New York, New York.

19. Deny the allegations contained in paragraph 19 of the Complaint, except admit that NYP employed Fenner and continues to employ Livingston.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint, except admit that Michelle Gotthelf is currently employed by NYP as the Metropolitan Editor of the *New York Post* newspaper (the "*Post*") and currently resides in Hillsdale, New Jersey.

22. Deny the allegations contained in paragraph 22 of the Complaint, except admit that Ms. Gotthelf has the authority to make certain decisions concerning those employees for whom she has supervisory responsibilities.

23. Deny the allegations contained in paragraph 23 of the Complaint, except admit that Mr. Greenfield is currently employed by NYP as the Deputy Metropolitan Editor for the Post, and he currently resides in White Plains, New York.

24. Deny the allegations contained in paragraph 24 of the Complaint, except admit that Mr. Greenfield has the authority to make certain decisions concerning those employees for whom he has supervisory responsibilities.

## PROCEDURAL REQUIREMENTS

25. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

## FACTUAL ALLEGATIONS

30. Deny the allegations contained in paragraph 30 of the Complaint, except admit that Fenner was formerly employed by NYP.

31. Deny and/or deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint, except admit that NYP hired Fenner in April 2007, to work as a senior reporter.

34. Deny the allegations contained in paragraph 34 of the Complaint, except admit that Fenner was hired by NYP as a senior reporter with responsibilities that included to: cover news stories, break news stories, write and rewrite stories reported on by other reporters, and pitch and write "enterprise" stories.

35. Deny the allegations contained in paragraph 35 of the Complaint, except admit that Mr. Dan Colarusso left the *Post* and Ms. Gotthelf became one of Fenner's supervisors.

36. Deny the allegations contained in paragraph 36 of the Complaint, except admit that Fenner was one of many reporters covering the crash landing of U.S. Airways flight 1549 in January 2009.

37. Deny the allegations contained in paragraph 37 of the Complaint, except admit that while employed by NYP, Fenner conducted interviews and reported on them as part of his regular responsibilities at the *Post*.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint, except admit that Livingston has worked for NYP since 1997 and is employed as a reporter.

40. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint, except admit that Livingston was assigned to cover the Queens Courthouse beat in 2006.

42. Deny the allegations contained in paragraph 42 of the Complaint, except admit that Livingston reported on a number of matters taking place in the Queens courthouse, including the Sean Bell trial.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in Paragraph 50 of the Complaint, except admit that on November 1, 2009, NYP published a story in the *Post* concerning Congressman Charles Rangel and the country of Jamaica, and respectfully refer the Court to that article for its contents.

51. Deny the allegations contained in paragraph 51 of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny and/or deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint.

55. Deny the allegations contained in paragraph 55 of the Complaint, except admit that Fenner travelled as part of his job.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint.

59. Deny the allegations contained in paragraph 59 of the Complaint.

60. Deny the allegations contained in paragraph 60 of the Complaint.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. Deny the allegations contained in paragraph 62 of the Complaint.

63. Deny the allegations contained in paragraph 63 of the Complaint, except admit that Livingston reported on the Jason Mizell funeral in November 2002.

64. Deny the allegations contained in paragraph 64 of the Complaint.

65. Deny the allegations contained in paragraph 65 of the Complaint.

66. Deny the allegations contained in paragraph 66 of the Complaint, except admit that on February 18, 2009, NYP published a cartoon in the *Post*, and respectfully refer the Court to that cartoon for the contents thereof.

67. Deny the allegations contained in paragraph 67 of the Complaint, except admit that a cartoon and a number of editorials were published by NYP in the *Post*, and respectfully refer the Court to them for their contents.

68. Deny the allegations contained in paragraph 68 of the Complaint.

69. Deny the allegations contained in paragraph 69 of the Complaint.

70. Deny and/or deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of the Complaint.

71. Deny the allegations contained in paragraph 71 of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. Deny the allegations contained in paragraph 74 of the Complaint.

75. Deny the allegations contained in paragraph 75 of the Complaint.

76. Deny the allegations contained in paragraph 76 of the Complaint.

77. Deny the allegations contained in paragraph 77 of the Complaint.

78. Deny the allegations contained in paragraph 78 of the Complaint, except admit that Livingston told Ms. Gotthelf that she believed the cartoon was offensive and Ms. Gotthelf expressed her sentiments to Livingston.

79. Deny and/or deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 79 of the Complaint.

80. Deny and/or deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 80 of the Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 81 of the Complaint.

82. Deny the allegations contained in paragraph 82 of the Complaint.

83. Deny the allegations contained in paragraph 83 of the Complaint, except admit that Mr. Greenfield ordered Fenner to pursue the interview with Archbishop Dolan with urgency and used language that he uses with all reporters, regardless of race.

84. Deny the allegations contained in paragraph 84 of the Complaint, except admit that Fenner ultimately did as he had been instructed and conducted the assigned interview.

85. Deny the allegations contained in paragraph 85 of the Complaint.

86. Deny the allegations contained in paragraph 86 of the Complaint.

87. Deny the allegations contained in paragraph 87 of the Complaint, except admit that Fenner agreed to work the shifts that he worked.

88. Deny the allegations contained in paragraph 88 of the Complaint, except admit that Fenner was at one time instructed to advise Mr. Greenfield if Fenner believed his duties, which at that time were as a street reporter, required him to be present in the office.

89. Deny the allegations contained in paragraph 89 of the Complaint, except admit that the *Post* has not "banned" any reporter – white or black – from the newsroom.

90. Deny the allegations contained in paragraph 90 of the Complaint.

91. Deny the allegations contained in paragraph 91 of the Complaint.

92. Deny the allegations contained in paragraph 92 of the Complaint, except admit that in December 2008 Livingston was reassigned from the Queens Courthouse beat to work as a street reporter/general assignment reporter.

93. Deny the allegations contained in paragraph 93 of the Complaint.

94. Deny the allegations contained in paragraph 94 of the Complaint, except admit that NYP reassigned an editor to the Queens Courthouse beat, and reassigned Livingston to work as a street reporter, and that both reassignments were made due to poor job performance.

95. Deny the allegations contained in paragraph 95 of the Complaint.

96. Deny and/or deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 96 of the Complaint, except admit that Greenfield at times asked street reporters without regard to race why they were present in the newsroom.

97. Deny the allegations contained in paragraph 97 of the Complaint.

98. Deny the allegations contained in paragraph 98 of the Complaint.

99. Deny the allegations contained in paragraph 99 of the Complaint.

100. Deny the allegations contained in paragraph 100 of the Complaint.

101. Deny and/or deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 101 of the Complaint, except admit that many reporters use their cell phones in the course of performing their job duties and are, like Livingston, reimbursed for cell phone usage.

102. Deny the allegations contained in paragraph 102 of the Complaint, except admit that most street reporters are supposed to perform all of their job duties out in the field, including writing their stories while using a laptop computer outside of the office.

103. Deny the allegations contained in paragraph 103 of the Complaint.

104. Deny the allegations contained in paragraph 104 of the Complaint.

105. Deny the allegations contained in paragraph 105 of the Complaint, except admit that Livingston was given a poor job performance review and a written warning concerning her poor job performance in August 2009.

106. Deny the allegations contained in paragraph 106 of the Complaint.

107. Deny the allegations contained in paragraph 107 of the Complaint.

108. Deny the allegations contained in paragraph 108 of the Complaint, except admit that Ms. Gotthelf told Fenner that his poor review was a reflection of the fact that, among other things, he had failed to produce "enterprise" stories.

109. Deny the allegations contained in paragraph 109 of the Complaint.

110. Deny the allegations contained in paragraph 110 of the Complaint.

111. Deny the allegations contained in paragraph 111 of the Complaint, except admit that Guzman filed a lawsuit and respectfully refer the Court to that complaint for the contents thereof.

112. Deny the allegations contained in paragraph 112 of the Complaint, except admit that Fenner was called to a meeting on November 9, 2009 with Amy Scialdone, Mr. Greenfield and Ms. Gotthelf.

113. Deny the allegations contained in paragraph 113 of the Complaint, except admit that Fenner was asked to provide his notes to a colleague as a result of his employment being terminated that day.

114. Deny the allegations contained in paragraph 114 of the Complaint, except admit that Fenner was informed that his employment was being terminated.

115. Deny the allegations contained in paragraph 115 of the Complaint, except admit that Fenner was offered a severance package which he rejected.

## **PLAINTIFFS' FIRST CAUSE OF ACTION**

116. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 115 of the Complaint with the same force and effect as if set forth fully herein.

117. Deny the allegations contained in paragraph 117 of the Complaint.

118. Deny the allegations contained in paragraph 118 of the Complaint.

119. Deny the allegations contained in paragraph 119 of the Complaint.

120. Deny the allegations contained in paragraph 120 of the Complaint.

121. Deny the allegations contained in paragraph 121 of the Complaint.

## **PLAINTIFFS' SECOND CAUSE OF ACTION**

122. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 121 of the Complaint with the same force and effect as if set forth fully herein.

123. Deny the allegations contained in paragraph 123 of the Complaint.

124. Deny the allegations contained in paragraph 124 of the Complaint.

125. Deny the allegations contained in paragraph 125 of the Complaint.

126. Deny the allegations contained in paragraph 126 of the Complaint.

## **PLAINTIFFS' THIRD CAUSE OF ACTION**

127. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 126 of the Complaint with the same force and effect as if set forth fully herein.

128. Deny the allegations contained in paragraph 128 of the Complaint.

129. Deny the allegations contained in paragraph 129 of the Complaint.

130. Deny the allegations contained in paragraph 130 of the Complaint.

131. Deny the allegations contained in paragraph 131 of the Complaint.

132. Deny the allegations contained in paragraph 132 of the Complaint.

## PLAINTIFFS' FOURTH CAUSE OF ACTION

133. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 132 of the Complaint with the same force and effect as if set forth fully herein.

134. Deny the allegations contained in paragraph 134 of the Complaint.

135. Deny the allegations contained in paragraph 135 of the Complaint.

136. Deny the allegations contained in paragraph 136 of the Complaint.

137. Deny the allegations contained in paragraph 137 of the Complaint.

## PLAINTIFFS' FOURTH CAUSE OF ACTION

138. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 137 of the Complaint with the same force and effect as if set forth fully herein.

139. Deny the allegations contained in paragraph 139 of the Complaint.

140. Deny the allegations contained in paragraph 140 of the Complaint.

141. Deny the allegations contained in paragraph 141 of the Complaint.

142. Deny the allegations contained in paragraph 142 of the Complaint.

## PLAINTIFFS' SIXTH CAUSE OF ACTION

143. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 142 of the Complaint with the same force and effect as if set forth fully herein.

144. Deny the allegations contained in paragraph 144 of the Complaint.

145. Deny the allegations contained in paragraph 145 of the Complaint.

146. Deny the allegations contained in paragraph 146 of the Complaint.

## PLAINTIFFS' SEVENTH CAUSE OF ACTION

147. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 146 of the Complaint with the same force and effect as if set forth fully herein.

148. Deny the allegations contained in paragraph 148 of the Complaint.

149. Deny the allegations contained in paragraph 149 of the Complaint.

150. Deny the allegations contained in paragraph 150 of the Complaint.

## PLAINTIFFS' EIGHTH CAUSE OF ACTION

151. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 150 of the Complaint with the same force and effect as if set forth fully herein.

152. Deny the allegations contained in paragraph 152 of the Complaint.

153. Deny the allegations contained in paragraph 153 of the Complaint.

154. Deny the allegations contained in paragraph 154 of the Complaint.

155. Deny the allegations contained in paragraph 155 of the Complaint.

## PLAINTIFFS' NINTH CAUSE OF ACTION

156. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 155 of the Complaint with the same force and effect as if set forth fully herein.

157. Deny the allegations contained in paragraph 157 of the Complaint.

158. Deny the allegations contained in paragraph 158 of the Complaint.

159. Deny the allegations contained in paragraph 159 of the Complaint.

160. Deny the allegations contained in paragraph 160 of the Complaint.

161. Deny the allegations contained in paragraph 161 of the Complaint.

## PLAINTIFFS' TENTH CAUSE OF ACTION

162. Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 161 of the Complaint with the same force and effect as if set forth fully herein.

163. Deny the allegations contained in paragraph 163 of the Complaint.

164. Deny the allegations contained in paragraph 164 of the Complaint.

165. Deny the allegations contained in paragraph 165 of the Complaint.

166. Deny the allegations contained in paragraph 166 of the Complaint.

## PRAYER FOR RELIEF

167. Defendants deny that plaintiffs are entitled to any relief, whether it be injunctive, declaratory, monetary, compensatory, punitive, equitable, costs and/or fees relating to this matter, or in any other form sought by plaintiffs in paragraphs A through J of the plaintiffs' Prayer for Relief.

## DEFENSES

### As and For a First Defense

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### As and For a Second Defense

Plaintiffs' purported claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the equitable doctrines of laches, waiver and estoppel.

### As and For a Third Defense

Plaintiffs' purported claims are barred, in whole or in part, because any employment actions taken by defendants with respect to plaintiffs' employment were based solely on legitimate, non-discriminatory and non-retaliatory reasons.

### As and For a Fourth Defense

At all times relevant, corporate defendants News Corporation and NYP each had in place and continue to have in place policies expressly prohibiting all forms of discrimination, harassment and retaliation in the workplace (hereinafter, "EEO Policies"). News Corporation's EEO policies are widely distributed to its employees. NYP's EEO Policies are widely-distributed to all of its employees, including plaintiffs. The policies contain effective complaint procedures and are adhered to by News Corporation and/or the NYP. To the extent plaintiffs experienced or believe they experienced harassment, discrimination or retaliation of any kind, their claims are barred, in whole or in part, due to their unreasonable failure to avail themselves of the preventative and remedial measures made available to them, and because when they did complain, such complaints were promptly and thoroughly investigated and appropriate actions were taken in response thereto.

### As and For a Fifth Defense

The damages complained of were not caused by defendants' conduct or actions. To the extent plaintiffs have suffered any damages, which damages are denied, any such damages are the result of plaintiffs' own conduct and actions.

### As and For a Sixth Defense

To the extent that plaintiffs suffered any damages, which damages are denied, any such damages are barred and/or must be reduced on account of plaintiffs' failure to take reasonable steps to mitigate damages.

### As and For a Seventh Defense

Plaintiffs' Complaint fails to plead facts necessary to sustain a claim for punitive damages or equitable relief.

### As and For an Eighth Defense

Plaintiffs cannot recover punitive damages for any alleged unlawful discriminatory practice because none of the defendants knew at any relevant time that any of their respective conduct was in violation of federal, state or local law relating to discrimination in employment, and no defendant was consciously indifferent to whether it violated any such laws or rights of the plaintiffs under such laws.

### As and For a Ninth Defense

Plaintiffs cannot recover punitive damages for any alleged unlawful discriminatory practice because, at all times relevant to the Complaint, each defendant engaged in good-faith efforts to comply with their obligations under all applicable federal, state or local laws relating to discrimination.

### As and For a Tenth Defense

To the extent plaintiffs seek to bring claims pursuant Title VII against Ms. Gotthelf and Mr. Greenfield in their individual capacities, such purported claims must be dismissed, in whole or in part, because Title VII does not provide for such individual liability.

### As and For an Eleventh Defense

Plaintiffs' claims relating to or based on the *Post's* editorial content, including but not limited to published cartoons, headlines and articles, and/or the editorial processes concerning what content is published, what content is deemed appropriate for coverage and any and all such related decisions of NYP, are barred because the *Post's* editorial content and editorial processes are protected by the First Amendment of the Constitution of the United States of America and its New York State analogue, the editorial process privilege and any and all related statutes, common law and privileges.

### As and For a Twelfth Defense

All of plaintiffs' claims alleging employment discrimination, employment retaliation, and employment harassment against News Corporation fail because at no time were plaintiffs ever employed by News Corporation and at no time was News Corporation ever the plaintiffs' employer.

### As and For a Thirteenth Defense

Defendants intend to rely upon any other defense that may become available during the proceedings in this case, and hereby reserve their right to amend their Answer to assert any such defense(s).

**WHEREFORE**, Defendants respectfully requests that the Court:

A. Dismiss the Complaint in its entirety with prejudice;

B. Deny each and every demand and prayer for relief contained in the Complaint;

C. Award defendants their costs and reasonable attorneys' fees; and

D. Award defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 10, 2011

Respectfully Submitted,

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: _____
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Daniel R. Benson (dbenson@kasowitz.com)
Mark W. Lerner (mlerner@kasowitz.com)
Blythe E. Lovinger (blovinger@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel.:(212) 506-1700
Fax:(212) 506-1800

Attorneys for Defendants News Corporation,
NYP Holdings, d/b/a the New York Post,
Michelle Gotthelf and Daniel Greenfield