KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Mark W. Lerner (mlerner@kasowitz.com)
Blythe E. Lovinger (blovinger@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel.:   (212) 506-1700

*Attorneys for Defendant*
News Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
AUSTIN FENNER and                          :        Civ. No.: 09 CV 9832 (LGS)
IKIMULISA LIVINGSTON,                       :
                                                             :
                                   Plaintiffs,       :
                                                             :
                        vs.                          :
                                                             :
NEWS CORPORATION, NYP HOLDINGS,      :
INC., d/b/a THE NEW YORK POST,             :
MICHELLE GOTTHELF and , DANIEL           :
GREENFIELD, in their official and individual  :
capacities,                                          :
                                                             :
                                  Defendants.    :
-------------------------------------------------------------x

**DECLARATION OF MARK W. LERNER, ESQ. IN SUPPORT OF DEFENDANT
NEWS CORP.'S MOTION FOR SUMMARY JUDGMENT**

MARK W. LERNER, ESQ., hereby declares as follows:

1.      I am a partner with the firm of Kasowitz, Benson, Torres & Friedman LLP,

counsel for Defendant News Corporation ("Defendant" or "News Corp.").  I have personal

knowledge of the facts set forth herein, except where otherwise indicated.  I submit this

Declaration in support of Defendant News Corp.'s Motion for Summary Judgment in the above-

captioned action.

2.      Pursuant to Rule III.B.3 of the Individual Rules of Practices of United States District Judge Lorna G. Schofield, Exhibits have been excerpted to include only relevant material.

3.      Attached hereto as Exhibit 1 are true and correct copies of referenced pages from the transcript of the deposition of Jordan Lippner, taken February 29, 2012.

4.      Attached hereto as Exhibit 2 are true and correct copies of referenced pages from the transcript of the deposition of Amy Scialdone, taken June 28, 2012 and April 16, 2013.

5.      Attached hereto as Exhibit 3 is a true and correct copy of referenced pages from the Post's employee handbook, entitled, "Standards of Business Conduct," previously produced in this matter with the Bates Nos. NYP-FL003845 through NYP-FL003868.

6.      Attached hereto as Exhibit 4 are true and correct copies of referenced pages from the transcript of the deposition of Jennifer Jehn, taken June 26, 2012 and February 14, 2013.

7.      Attached hereto as Exhibit 5 are true and correct copies of referenced pages from the transcript of the deposition of Paul Carlucci, taken June 22, 2012.

8.      Attached hereto as Exhibit 6 are true and correct copies of referenced pages from the transcript of the deposition of Jesse Angelo, taken April 25, 2012 and April 5, 2013.

9.      Attached hereto as Exhibit 7 are true and correct copies of referenced pages from the transcript of the deposition of Col Allan, taken February 14, 2012 and February 21, 2013.

10.     Attached hereto as Exhibit 8 is a true and correct copy of referenced pages from News Corp.'s Objections and Responses to Plaintiff's First Set of Interrogatories, dated June 24, 2010, in the matter of Guzman v. News Corporation, et al., 09-CV-9323 (LGS).

11.     Attached hereto as Exhibit 9 is a true and correct copy of referenced pages from NYP Holdings, Inc., d/b/a the New York Post's Objections and Responses to Plaintiff's First Set

of Interrogatories, dated June 24, 2010, in the matter of <u>Guzman v. News Corporation, et al.,</u> 09-CV-9323 (LGS).

12.     Attached hereto as Exhibit 10 is a true and correct copy of plaintiff Austin Fenner's employment agreement with NYP Holdings, Inc., d/b/a the New York Post (the "Post"), dated April 13, 2007 and produced in this matter bearing the Bates Nos. NYP-FL000488 through NYP-FL000489.

13.     Attached hereto as Exhibit 11 is a true and correct copy of plaintiff Fenner's employment application to the Post, produced in this matter bearing the Bates Nos. NYP-FL000495 through NYP-FL000496.

14.     Attached hereto as Exhibit 12 are true and correct copies of referenced pages from the transcript of the deposition of Austin Fenner, taken January 11, 2012.

15.     Attached hereto as Exhibit 13 are true and correct copies of referenced pages from the transcript of the deposition of Daniel Greenfield, taken April 5, 2012.

16.     Attached hereto as Exhibit 14 are true and correct copies of referenced pages from the transcript of the deposition of Michelle Gotthelf, taken March 29, 2012.

17.     Attached hereto as Exhibit 15 is a true and correct copy of plaintiff Ikimulisa Livingston's employment application to the Post, produced in this matter bearing the Bates Nos. NYP-FL000350 through NYP-FL000351.

18.     Attached hereto as Exhibit 16 is a true and correct copy of plaintiff Livingston's employment agreement with the Post, dated February 20, 1997 and produced in this matter bearing the Bates Nos. NYP-FL000353 through NYP-FL000357.

19.     Attached hereto as Exhibit 17 are true and correct copies of referenced pages from the transcript of the deposition of Livingston, taken January 13, 2012 and February 20, 2013.

20.     Attached hereto as Exhibit 18 is a true and correct copy of Zach Haberman's employment agreement with the Post, dated January 28, 2008 and produced in this matter bearing the Bates Nos. NYP-FL001170 through NYP-FL001171.

21.     Attached hereto as Exhibit 19 is a true and correct copy of Les Goodstein's employment agreement with News America Incorporated, dated October 31, 2008 and produced in this matter of Guzman v. News Corp., 09-civ-9323 (LGS), bearing the Bates Nos. NYP-004437 through NYP-004438.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 10, 2013.

        /s/ Mark W. Lerner    
        Mark W. Lerner

4