UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

AUSTIN FENNER and
IKIMULISA LIVINGSTON,

                           Plaintiffs,

                           vs.

NEWS CORPORATION, NYP HOLDINGS,
INC., d/b/a THE NEW YORK POST,
MICHELLE GOTTHELF and , DANIEL
GREENFIELD, in their official and individual
capacities,

                           Defendants.

Civ. No.: 09 CV 9832 (LGS)

------------------------------------------------------------x

## AFFIDAVIT OF AMY SCIALDONE

**STATE OF NEW YORK**        )
                                        ) ss.:
**COUNTY OF NEW YORK**    )

       AMY SCIALDONE, being duly sworn, deposes and says:

       1.     I am the Vice President of Human Resources ("HR") for Defendant NYP Holdings, Inc., d/b/a the New York Post (the "Post"). I have personal knowledge of the facts set forth herein, except where otherwise indicated. I submit this Affidavit in support of Defendant News Corporation's ("News Corp.") motion for summary judgment. This Affidavit does not include all facts and circumstances known to me that relate to this matter. This Affidavit supplements deposition testimony that I gave on June 28, 2012 and April 16, 2013, and concerns matters about which I did not testify at that time.

       2.     I have been employed as the Post's Vice President of HR since 2006. I am presently the most senior member and head of the Post's HR department, and have been since in

or about February 2010. My duties include overseeing the Post's HR department, implementing employee training on the Post's employment policies, reviewing and updating employee policies as necessary, handling and investigating employee complaints, overseeing employee hires, promotions and terminations, overseeing the implementation of the Post's Annual Performance Appraisals ("APAs") and sitting on its APA Review Committee, attending the Post's weekly Executive Committee Meetings, and advising employees on employment-related questions, among other things.

3. I understand that Plaintiffs have argued that the Post and News Corp. may be a single employer. I do not perform services for News Corp. I do not report to, nor have I ever reported to, any News Corp. employee, nor have I ever been supervised by a News Corp. employee. I am compensated by the Post for the work that I perform for the Post, I receive a paycheck issued by the Post, my salary is set by the Post, and my performance evaluations are prepared by the Post. I presently report to Post's Publisher and, prior thereto, to the Post's Senior Vice President of HR, Jennifer Jehn, neither of whom is or was a News Corp. employee. Neither News Corp. nor any of its employees set my compensation or supervise my performance.

4. The Post at all relevant times has had its own HR staff. All of these employees report to me and provide no services to News Corp. The Post and News Corp. do not share HR employees, and there is no overlap between their staffs. All members of the Post's HR department have been compensated by the Post, and not by News Corp. No Post HR employee has been supervised by any News Corp. employee, and I am responsible for supervising the preparation of the performance evaluations of all Post HR employees.

5. The Post's HR staff and that of News Corp. do not share office space, nor have they at any relevant time. The two respective departments are located in different buildings.

6.  The Post is responsible for hiring and firing Post employees. Neither News Corp. nor its employees participate in or have authority over hiring or firing decisions relating to Post employees. Likewise, in connection with the hiring of employees, the Post's HR team and/or the relevant manager are responsible for the handling and review of all employment applications to the Post, and neither News Corp. nor any of its employees is involved in this process.

7.  Post employees are, and for all relevant times have been, supervised by other Post employees, and not News Corp. or its employees. By way of example, Plaintiff Austin Fenner ("Fenner") was at all times supervised by Post employees, including Daniel Colarusso, Michelle Gotthelf, and Daniel Greenfield, during his employment with the Post; at no time was he supervised by a News Corp. employee. Likewise, Plaintiff Ikimulisa Livingston ("Livingston") was at all times supervised by Post employees during her employment with the Post; at no time was she supervised by a News Corp. employee.

8.  APAs of Post employees are, and have been at all relevant times, prepared by the Post supervisors; no News Corp. employee drafts, creates or participates in the performance evaluation process for Post employees. The Post's APA process was devised by the Post; it is Post-specific and, upon information and belief, is not utilized by News Corp. The decision to implement the APAs at the Post was made by the Post's Publisher and not by News Corp. or any News Corp. employee. By way of example, APAs for Fenner and Livingston were prepared by their Post supervisors.

9.  For all relevant times, salaries of Post employees, including starting salaries and increases during employment, have been determined by the Post and not by News Corp. The Post is responsible for paying its employees, including issuing checks to its employees. During their employment with the Post, Fenner and Livingston were at all times paid by the Post, with

3

checks issued by the Post, and any changes to their salary were determined by employees of the Post and not News Corp.

10. At all relevant times, the Post is and has been responsible for investigating breaches of its policies committed by Post employees, as well as determining and enforcing discipline of Post employees for such breaches. Neither News Corp. nor its employees are presently or have been during the relevant time frame involved in disciplining Post employees or in investigating policy violations by Post employees. Disciplinary decisions as to Post employees are made by that employee's supervisor in consultation with the Post's HR, are made in the discretion of the supervisor and/or HR, and are enforced by the Post. Although the Post has adopted certain policies from News Corp., such as the Standards of Business Conduct, the Electronic Communications Policy and the Records Management Policy, the Post enforces all such policies as they apply to Post employee, including the investigation of violations and the determination of appropriate discipline for a violation thereof, and does so without oversight or influence by News Corp. Neither News Corp. nor its employees are now or have been at any relevant time involved in determining or enforcing discipline of Post employees.

11. The Post's HR staff is and has been at all relevant times responsible for maintaining records relating to Post employees, including without limitation personnel files. Such records are and have been maintained in the Post's HR offices and/or its storage facilities. The Post's personnel files are not and have not been shared with News Corp., nor does News Corp. or any News Corp. employee have access to the Post's employee records.

12. No individual employed by News Corp. is responsible for the supervision of any Post departments. Likewise, no News Corp. employees are members of the Post's Executive

Committee or its Management Council, nor have any News Corp. employees ever been members of these Post-specific committees.

13. The Post employs approximately 1,000 employees, none of whom are shared with News Corp.

14. Neither of K. Rupert Murdoch nor David Devoe is employed by the Post.

*/s/ Amy Scialdone*
AMY SCIALDONE

Sworn to before me this
7th day of May 2012

*/s/ Valerie White*
NOTARY PUBLIC

VALERIE WHITE
Notary Public, State of New York
Qualified in Queens County
No. 01WH4836322
Commission Expires 05/31/20 15

5