# Exhibit 15

# NEWS AMERICA INCORPORATED

1211 Avenue of the Americas, New York, NY 10036-8795
212/852-7166   Fax 212/852-7217
email: Jlippner@newscorp.com

J. Jordan Lippner
Senior Vice President
Deputy General Counsel

February 10, 2010

**By Overnight Mail**

Ms. Esther Gutierrez, Investigator
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street
New York, New York 10004

> Re: **Sandra Guzman v. NYP Holdings, Inc.**
> **EEOC Charge No. 520-2010-00472**

Dear Ms. Gutierrez:

I am legal counsel for NYP Holdings, Inc. (the "Post"), the publisher of the *New York Post* newspaper and former employer of Charging Party. I submit this statement of position in opposition to the charge of discrimination and retaliation[1] submitted by Charging Party Sandra Guzman (the "Charge"). In the future, please direct any inquiries concerning this matter to me.

## GENERAL STATEMENT OF POSITION

Charging Party is a former associate editor of the Post who was hired for the purpose of helping the Post increase its readership in the New York Hispanic community by assisting with the creation of a unique monthly English-language newspaper section that would focus on matters of interest for that community. She was also charged with managing and editing this monthly newspaper section, called *Tempo*. First published in October 2003, the Post published and supported *Tempo* for six years until doing so no longer made any business sense. Unfortunately, the section could not sustain a profit, incurring financial losses, while the goal of increasing readership in the Hispanic community was not achieved; readership actually *decreased* during her employment.

Ultimately, Charging Party's employment ended when *Tempo* was discontinued because it cost more money to publish then it brought in through advertising dollars (resulting in financial

---

[1] Charging Party has filed this Charge against both News Corporation and the Post. To be clear, News Corporation, which is the corporate parent a number of layers removed from NYP Holdings, Inc., did not employ Charging Party, nor did it make any decisions regarding the terms and conditions of Charging Party's employment. Charging Party was employed by and paid by the Post exclusively, and the decision to terminate her employment was made exclusively by Post employees. For this reason, therefore, as well as for the other reasons set forth herein, the Charge should be dismissed as against News Corporation.

A NEWS CORPORATION COMPANY

**CONFIDENTIAL**

NYP0000004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SANDRA GUZMAN,

                Plaintiff,

                No. 09-CV-9323 (BSJ)(RLE)

v.

NEWS CORPORATION, NYP HOLDINGS,
INC., d/b/a THE NEW YORK POST, and COL
ALLAN, in his official and individual capacities,

                Defendants.
-----------------------------------------------------------X

### NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6) TO DEFENDANTS NEWS CORPORATION AND NYP HOLDINGS INC., d/b/a THE NEW YORK POST

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Defendants News Corporation and NYP Holdings Inc., d/b/a The New York Post (collectively, "Defendants") shall designate one or more representatives with knowledge of the subjects identified below and make such designee(s) available to testify on its and/or their behalf at a deposition upon oral examination taken at the offices of Thompson Wigdor LLP, 85 Fifth Avenue, New York, New York 10003 on February 21, 2012 beginning at 10:00 a.m. and continuing day to day thereafter until completed. The deposition will be recorded by a stenographer qualified to administer oaths as well as by videotape recording.

1. Explain how, if at all, the operations of the Defendants are interrelated;

2. Explain how labor relations are managed at both Defendants. Specifically, he or she must be able to explain the performance review process, application of Defendants' employment policies to their employees, and explain hiring and termination decisions are made;

3. Identify and explain any common management between the Defendants; and

4. Identify and explain any common ownership or financial control between the Defendants.

Dated: New York, New York
January 9, 2012

Respectfully submitted,

THOMPSON WIGDOR LLP

By: _____
Shaffin A. Datoo

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
sdatoo@thompsonwigdor.com

*COUNSEL FOR PLAINTIFF*

TO: Mark W. Lerner
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019

*COUNSEL FOR DEFENDANTS*