# **EXHIBIT 3**

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW                              Page 4

- [I]n response to Ms. Guzman's decision to keep scented candles in her office, a high-ranking white editor falsely accused her of engaging in "Santeria," a term intended to demean certain Hispanic and African religions by suggesting that her scented candles represented witchcraft and voodoo. [*Id.* ¶ 54; *see also* Guzman Aff. ¶ 22].

- Ms. Guzman was also routinely told by her White colleagues at the Company that the Post has a policy within its Arts, Photo and Features Department of only hiring White women to be models and to pose for the covers of their sections. [Compl. ¶ 55]. In addition, other female Post employees with whom [Ms. Guzman] worked to cast models for photo shoots and covers would comment that "Dave Boyle and Col Allan only like skinny White women with big boobs." [Guzman Aff. ¶ 29].

- [F]ollowing Harvard Professor Henry Louis Gates' arrest . . . for allegedly breaking into his own house, a White female Managing Editor admitted that she knew nothing about Professor Gates but yet openly referred to him stereotypically as an "angry Black man" and expressed pleasure that he had been arrested. [Compl. ¶ 56; Guzman Aff. ¶ 10].

- [A] Black female Copy Assistant approached [Ms. Guzman] in tears after she heard Editor-in-Chief Col Allan, while discussing protestors in front of the Post's building on the phone with City Desk Editor Jesse Angelo, say "Most of them are minorities and the majority of them are uneducated," and then laugh at the protestors. [Compl. ¶ 76; Guzman Aff. ¶ 11].

- The dearth of African-American and Hispanic editors and reporters at the Post also contributed to the hostile work environment, and was a common subject of conversation among minority employees. [Guzman Aff. ¶ 31].

### C. Physical Situs of Ms. Guzman's "Work Environment" at Defendants

As set forth in Plaintiff's affidavit and the affidavits of other current or former employees (attached hereto as Exhibits A-E), the events giving rise to her hostile work environment claims in this case occurred in virtually all of the various locations that collectively comprised her "work environment" in and around the vicinity of Defendants' offices located at 1211 Avenue of the Americas in Manhattan (hereinafter, the "Building"). These include: (i) Plaintiff's workstation in the Post's Newsroom, on the 10th floor of the Building (*see* Guzman Aff. ¶¶ 4, 8-11); (ii) Plaintiff's workstation in the vicinity of the Post's advertising staff and Features department on the 9th floor of the Building (*see id.* ¶¶ 4, 12, 22); and (iii) the vicinity of the Defendants' sales offices on the 5th floor of the Building (*see id.* ¶ 23).

Moreover, Plaintiff's Affidavit describes various instances of discriminatory harassment on the basis of gender, race, color and/or national origin that Plaintiff experienced at each of these four locations during her employment at the Company. (*See* Guzman Aff.). Thus, for purposes of obtaining relevant discovery concerning the existence of a hostile work environment at Defendants, Plaintiff respectfully submits that any incidents of discrimination and/or harassment experienced by the following categories of employees and/or executive (including visitors, clients and/or other guests of such employees or executives) are relevant and presumptively discoverable by Plaintiff as probative of her hostile work environment claims: (i) Other employees and/or executives whose workspaces were located on the 5th, 9th or 10th

## AFFIDAVIT OF SANDRA GUZMAN

STATE OF NEW YORK    )
                     )   ss.:
COUNTY OF NEW YORK   )

SANDRA GUZMAN, being duly sworn, deposes and says:

1.  I submit this affidavit in connection with the Complaint that I filed against News Corporation, NYP Holdings, Inc., d/b/a The New York Post, (together, the "Company") and Col Allan (collectively, the "Defendants") on November 9, 2009.

2.  I am a Black and Puerto Rican female.

3.  I worked as an Associate Editor of The New York Post (the "Post") from July 2003 until I was unlawfully terminated on or around September 29, 2009.

4.  During my employment, I had several different work stations in the Company's offices located at 1211 Avenue of the Americas in Manhattan (hereinafter, the "Building"). My work stations were located in the Post's newsroom on the 10th floor, as well as on the 9th floor of the Building, which houses the Post's advertising staff and Features department.

5.  The work environment at the Post is permeated with racist and sexist conduct and comments towards women and employees of color.

6.  During my employment, I and other females and/or employees of color were subjected to a hostile work environment based on gender, race, color, and/or national origin by male White managers and employees of the Company, as well as unlawful retaliation. The unlawful discrimination and harassment to which I was subjected, witnessed and/or learned

1